**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4154**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN K. GRIFFEY,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:18-cr-00058-TSK-MJA-1)

Submitted:  February 26, 2026                    Decided:  March 3, 2026

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Tracy Weese, Shepherdstown, West Virginia, for Appellant.  William Rhee, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian K. Griffey admitted to violating the terms of his supervised release by failing to follow his probation officer's instructions, failing to participate in a substance abuse treatment program, committing new criminal conduct, and using and possessing controlled substances. The district court revoked his supervised release and sentenced him to 24 months' imprisonment with no additional supervised release to follow. Griffey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal, but questioning whether the 24-month sentence imposed by the district court is plainly unreasonable. Although notified of his right to do so, Griffey has not filed a pro se supplemental brief. We affirm the district court's revocation judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (citation modified). In determining whether a revocation sentence is plainly unreasonable, "we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* In so doing, we are guided by "the same procedural and substantive considerations that guide our review of original sentences," but we take "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified).

2

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (citation modified); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (citation modified). We presume that a sentence within the applicable revocation policy statement range is reasonable. *Padgett*, 788 F.3d at 373.

Our review of the record reveals that Griffey's sentence is reasonable. The district court heard arguments from counsel for Griffey and the Government, and the court listened to Griffey's allocution. The court further considered the relevant § 3553(a) factors and explained that the sentence was necessary because Griffey had breached the court's trust on multiple occasions by committing multiple violations. The court also emphasized the need for deterrence and protecting the public. Finally, we conclude that Griffey fails to rebut the presumption of substantive reasonableness accorded his sentence within the policy statement range.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment and, at this juncture, deny counsel's motion to withdraw. This court requires that counsel inform Griffey, in writing, of the right to petition the Supreme Court of the United States for further review. If Griffey requests that a petition be filed, but counsel believes that such

3

a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Griffey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4